UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:10-CV-2859-T-27MAP

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

TERRY D. RAWSTERN,

      Defendant.
_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO TERRY D. RAWSTERN

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against Defendant Terry D. Rawstern. In its Complaint, the Commission seeks, among other relief against Rawstern: a permanent injunction to prohibit violations of 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]; Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4)] and Advisers Act Rule 206-4(8) [17 C.F.R. § 275.206-4(8)], an order providing for disgorgement and prejudgment interest; and imposition of a civil money penalty pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act [15 U.S.C. §§ 77t(d) and 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

Rawstern, by the attached Consent, having entered a general appearance, waived service

of a summons and the Complaint, and consented to the Court's jurisdiction over him and over the subject matter of this action, has consented to entry of this Final Judgment of Permanent Injunction and Other Relief as to Terry D. Rawstern ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from the Final Judgment. This Court having accepted Rawstern's Consent, and having jurisdiction over Rawstern and the subject matter of this action:

### I.

### VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT

**IT IS HEREBY ORDERED AND ADJUDGED** that Rawstern, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

## VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Rawstern, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

## VIOLATIONS OF SECTIONS 206(1) AND 206(2) OF THE ADVISERS ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Rawstern, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained

and enjoined from violating, directly or indirectly, Section 206(1) and (2) of the Advisers Act, by using the mails or any means or instrumentality of interstate commerce:

(a)    to employ any device, scheme, or artifice to defraud any client or prospective client; and

(b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

## VIOLATIONS OF SECTION 206(4) OF THE ADVISERS ACT AND RULE 206(4)-8 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Rawstern, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act and Rule 206(4)-8, by using the mails or any means or instrumentality of interstate commerce:

(a)    to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; and

(b)    to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative, with respect to any investor or prospective investor in the pooled investment vehicle.

V.

**DISGORGEMENT AND CIVIL PENALTY**

**IT IS FURTHER ORDERED AND ADJUDGED** that Rawstern shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from July 2, 2008, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Rawstern will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Rawstern may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Rawstern shall comply with all of the undertakings and agreements set forth therein.

VII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: January 12th, 2011

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE