UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:10-CV-2859-T-27MAP

SECURITIES AND EXCHANGE
COMMISSION,

           Plaintiff,

v.

ROBERT LYLE BUCKHANNON,

           Defendant.
_____/

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO ROBERT LYLE BUCKHANNON

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against Defendant Robert Lyle Buckhannon. In its Complaint, the Commission seeks, among other relief against Buckhannon: a permanent injunction to prohibit violations of 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]; Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4)] and Advisers Act Rule 206-4(8) [17 C.F.R. § 275.206-4(8)], an order providing for disgorgement and prejudgment interest; and imposition of a civil money penalty pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act [15 U.S.C. §§ 77t(d) and 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

Buckhannon, by the attached Consent, having entered a general appearance, waived

service of a summons and the Complaint, and consented to the Court's jurisdiction over him and over the subject matter of this action, has consented to entry of this Final Judgment of Permanent Injunction and Other Relief as to Robert Lyle Buckhannon ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from the Final Judgment.  This Court having accepted Buckhannon's Consent, and having jurisdiction over Buckhannon and the subject matter of this action:

I.

### VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT

**IT IS HEREBY ORDERED AND ADJUDGED** that Buckhannon, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

### VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Buckhannon, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

### VIOLATIONS OF SECTION 206(1) AND (2) OF THE ADVISERS ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Buckhannon, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently

restrained and enjoined from violating, directly or indirectly, Section 206(1) and (2), by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; and

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

### VIOLATIONS OF SECTION 206(4) OF THE ADVISERS ACT AND RULE 206(4)-8 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Buckhannon, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act and Rule 206(4)-8, by using the mails or any means or instrumentality of interstate commerce:

(a) to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; and

(b) to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative, with respect to any investor or prospective investor in the pooled investment vehicle.

V.

**DISGORGEMENT AND CIVIL PENALTY**

**IT IS FURTHER ORDERED AND ADJUDGED** that Buckhannon is liable for disgorgement of $1,239,176, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $110,424 and a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act, Section 21(d) of the Exchange Act and Section 209(e) [~~203(i)~~] of the Advisers Act, for a total of $1,479,600. Buckhannon shall satisfy this obligation by paying $1,479,600 within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Buckhannon as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Buckhannon shall simultaneously transmit photocopies of such payment and letter to the Teresa Verges, Assistant Regional Director, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida, 33131.  By making this payment, Buckhannon relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Buckhannon.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a

fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Buckhannon shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VI.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Buckhannon shall comply with all of the undertakings and agreements set forth therein.

## VII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: January 12th, 2011

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE