UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                          CASE NO. 8:10-CV-2859-T-27MAP

ROBERT L. BUCKHANNON,
TERRY D. RAWSTERN,
DALE E. ST. JEAN,
GREGORY D. TINDALL,
RICHARD D. MITTASCH,
CHRISTOPHER T. PAGANES,
GLENN M. BARIKMO and
IMPERIUM INVESTMENTADVISORS, LLC,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff Securities and Exchange Commission's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendant Dale E. St. Jean (Dkt. 41). Upon consideration, the motion (Dkt. 41) is GRANTED.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has jurisdiction over Defendant St. Jean and the subject matter of this action. Venue is proper in the Middle District of Florida.

2. St. Jean was properly served with a copy of the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Thus, he has proper notice of this action.

3. St. Jean has not answered or otherwise responded to the complaint as required by the Federal Rules of Civil Procedure. St. Jean is not an infant or incompetent person, and he has no guardian, committee, conservator or other such person appearing on his behalf.

4. St. Jean failed to appear at a status conference on April 6, 2011 and the Court instructed the clerk to enter a default against him.

5. The clerk entered a default against St. Jean on April 12, 2011.

6. By virtue of his default and failure to respond to the complaint, St. Jean is deemed to have admitted the well-pled allegations of the Complaint, and liability is established against him. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Accordingly, the Court finds that St. Jean committed the violations alleged in the complaint.

7. Plaintiff's motion for default judgment was served on St. Jean. St. Jean has not responded to the motion as required by Local Rule 3.01(b). Accordingly, St. Jean has not raised any objection to the measures or scope of relief requested by Plaintiff, including the issuance of a permanent injunction, disgorgement of ill-gotten gains, pre-judgment interest, and payment of a civil penalty (at an amount to be determined at a later date).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendant Dale E. St. Jean is **GRANTED**. Default Judgment is entered against St. Jean as follows:

## I. PERMANENT INJUNCTION

A. <u>Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5</u>

St. Jean, his agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with him who receive actual notice of this Default Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality

of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**B.**    **Sections 206(1), (2), and (4) of the Advisers Act and Rule 206(4)-8**

St. Jean, his agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with him who receive actual notice of this Default Judgment by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly, through use of the mails or any means or instrumentalities of interstate commerce: (i) employing devices, schemes or artifices to defraud clients or prospective clients; or (ii) engaging in transactions, practices and courses of business which are now operating or will operate as a fraud or deceit upon clients or prospective clients, in violation of Sections 206(1) and 206(2) and 206(4) and Rule 206(4)-8 of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4) and 17 C.F.R. § 275.206(4)-8.

## II. DISGORGEMENT

St. Jean is liable for disgorgement of $1,591,500, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $221,192.07, for a total of **$1,812,692.07**, for which let execution issue.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest against St. Jean by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment.

### III. CIVIL MONEY PENALTY

St. Jean shall pay a civil penalty pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d); and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e). The amount of the civil penalty will be determined by the Court upon the Commission's motion, which shall be filed within 120 days of this Order.

### IV. RETENTION OF JURISDICTION

This Court will retain jurisdiction over this matter and Defendant in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

### V. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is directed to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** this 28th day of June, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel and unrepresented parties