UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                                   CASE NO. 8:10-CV-2859-T-27MAP

ROBERT L. BUCKHANNON,
TERRY D. RAWSTERN,
DALE E. ST. JEAN,
GREGORY D. TINDALL,
RICHARD D. MITTASCH,
CHRISTOPHER T. PAGANES,
GLENN M. BARIKMO and
IMPERIUM INVESTMENTADVISORS, LLC,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff Securities and Exchange Commission's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendant Gregory D. Tindall (Dkt. 80). Upon consideration, the motion (Dkt. 80) is GRANTED.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    This Court has jurisdiction over Defendant Tindall and the subject matter of this action. Venue is proper in the Middle District of Florida.

2.    Tindall was properly provided with notice of this action by publication and, further, was served with a copy of the Summons and Complaint by email, pursuant to this Court's Order permitting alternative service. (Dkt. 65). Thus, he has proper notice of this action.

3.    Tindall has not answered or otherwise responded to the complaint as required by the Federal Rules of Civil Procedure.

4. The clerk entered a default against Tindall on March 28, 2012.

5. By virtue of his default and failure to respond to the complaint, Tindall is deemed to have admitted the well-pled allegations of the Complaint, and liability is established against him. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Accordingly, the Court finds that Tindall committed the violations alleged in the complaint.

6. Tindall is not an infant or an incompetent person, and he has no guardian, committee, conservator or other such person appearing on his behalf.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendant Tindall is **GRANTED**. Default Judgment is entered against Tindall as follows:

## I. PERMANENT INJUNCTION

A. <u>Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5</u>

Tindall, his agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with him who receive actual notice of this Default Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under

which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

B. **Sections 206(1), (2), and (4) of the Advisers Act and Rule 206(4)-8**

Tindall, his agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with him who receive actual notice of this Default Judgment by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly, through use of the mails or any means or instrumentalities of interstate commerce: (i) employing devices, schemes or artifices to defraud clients or prospective clients; or (ii) engaging in transactions, practices and courses of business which are now operating or will operate as a fraud or deceit upon clients or prospective clients, in violation of Sections 206(1) and 206(2) and 206(4) and Rule 206(4)-8 of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4) and 17 C.F.R. § 275.206(4)-8.

## II. DISGORGEMENT

Tindall is liable:

(a) Individually for disgorgement of $160,000 plus prejudgment interest of $11,432.47, and

(b) Jointly and severally with Defendant Dale E. St. Jean for disgorgement of $1,450,000 plus prejudgment interest of $103,606.70,

representing profits gained as a result of the conduct alleged in the complaint. Therefore, in total, Tindall is hereby ordered to disgorge $1,610,000 plus prejudgment interest thereon in the amount of $115,039.17, or **$1,725,039.17**, for which let execution issue.

3

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest against Tindall by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment.

### III. CIVIL MONEY PENALTY

Tindall shall pay a civil penalty pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d); and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e). The amount of the civil penalty will be determined by the Court upon the Commission's motion, which shall be filed within 90 days of this Order.

### IV. RETENTION OF JURISDICTION

This Court will retain jurisdiction over this matter and Defendant in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

### V. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is directed to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** this 7th day of May, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of record
Unrepresented parties

4