UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:10-CV-2859-T-27MAP

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ROBERT L. BUCKHANNON, | ) |
| TERRY D. RAWSTERN, | ) |
| DALE E. ST. JEAN, | ) |
| GREGORY D. TINDALL, | ) |
| RICHARD D. MITTASCH, | ) |
| CHRISTOPHER T. PAGANES, | ) |
| GLENN M. BARIKMO and | ) |
| IMPERIUM INVESTMENTADVISORS, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## FINAL JUDGMENT AS TO DEFENDANT TERRY D. RAWSTERN

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Terry D. Rawstern. Rawstern previously entered a general appearance and consented to the Court's jurisdiction over him and the subject matter of this action.

Without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction), Rawstern, by the attached Consent of Terry D. Rawstern to Final Judgment ("Consent") now having waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment, and this Court having accepted Rawstern's Consent, having jurisdiction over Rawstern and the subject matter of this action:

I.

**DISGORGEMENT, PRE-JUDGMENT INTEREST AND CIVIL PENALTY**

**IT IS ORDERED AND ADJUDGED** that Rawstern is liable for disgorgement of $556,862, representing profits gained as a result of the conduct alleged in the Complaint, together with pre-judgment interest in the amount of $101,033.05, for a total of $657,895.05. Based on Rawstern's sworn representations in his Statement of Financial Condition dated July 12, 2012, and other documents and information submitted to the Commission, however, the Court is not ordering Rawstern to pay a civil penalty and is waiving payment of the disgorgement and pre-judgment interest.

The determination not to impose a civil penalty and to waive payment of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Rawstern's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Rawstern's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time he made such representations, the Commission may, at its sole discretion and without prior notice to Rawstern, petition the Court for an order requiring Rawstern to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information Rawstern provided was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time he made such representations. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Rawstern to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final

Judgment. The Commission may also request additional discovery. Rawstern may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## II.

### INCORPORATION OF RAWSTERN'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Terry D. Rawstern to Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Rawstern shall comply with all of the undertakings and agreements set forth therein.

## III.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

**CERTIFICATION UNDER RULE 54(b)**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** this 24th day of September, 2012 at Tampa, Florida.

HON. JAMES D. WHITTEMORE
UNITED STATES DISTRICT COURT JUDGE

Copies to counsel and parties of record